UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN PERRY,

    Petitioner,

v.                                      CASE NO. 8:14-cv-2009-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Perry moves both to expand the record and for an evidentiary hearing. (Doc. 20) As *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), explains, review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court.

Consequently, *Pinholster* requires the denial of Perry's motion. The review of Perry's habeas application is limited to the facts that were before the state court.

Accordingly, Perry's motion (Doc. 20) is **DENIED**.

ORDERED in Tampa, Florida, on December 18, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE